All right, our fourth case for this morning will be Kennedy v. Schneider Electric. Mr. Davis. Good morning. Good morning, Your Honor. It is my pleasure to call upon Attorney Davis representing Mr. Kennedy, the appellate, as well as myself. I'd like to spend a few minutes on really what I want to center on is that document that we refer to as a document that violates and actually becomes a Rule 60 fraud on the court. And I believe the brief sets forth that the document on its face essentially is false. And we base it on, and I base it on, the fact that the document suggests that Mr. Kennedy's qualifications were looked into after six years of employment. Defendant was, and that's the document that came from Prairie State College. Defendant relied on that document, actually solicited that document, adopted that document, and submitted it to the court as a document that referenced true information. The defendant was clearly knowledgeable about the extensive knowledge and experience and background of Mr. Kennedy. In fact, I would like to refer the court to the appellate's brief pages 27, 28, 29, and 30, which exemplifies the type of background Mr. Kennedy had. So what we're saying and what we've been saying and I've been saying is that the document clearly goes against that. The document suggests that, in fact, Dean Hansel of Prairie State couldn't resist putting in the document that Mr. Kennedy's qualifications were not based on a phone call that she had received from someone from Snyder. She then said that she looked into his background and what was taking place prior to that is that Mr. Kennedy was working for two years. Obviously, he applied for the position, was hired to teach certain classes in electronics, qualified, and then shortly thereafter, the Prairie State was subject to accreditation. So, Mr. Davis, I'm going to interrupt you and just say I don't think we're really confronting what went on. Mr. Kennedy may or may not have been, quote, qualified in some ultimate sense to teach this class, and it's really not for this court to say. Experience can qualify people to know about things or not. What Prairie State said that it was concerned about was that he didn't have certain credentials that apparently he didn't have. And as part of the accreditation process, one looks at the credentials of the people who teach at an institution, whether it's a college, whether it's a community college, a high school, whatever. And so I really don't think any of the things you're talking about are the kinds of things that at this very late date would justify setting aside the decision of the district court. Well, Your Honor, in response to that, what we're saying is that the records clearly show that looking into his qualifications was not based on whether or not he was qualified. Then there should have been an appeal. Rule 60 is not the vehicle for saying that the district court was relying on the wrong evidence or asking the wrong question or in any other way making a mistake. I accept that, Your Honor. What I'm saying is that we're not appealing the decision, for instance, for a summary judgment. What we hear about is a document that on its face is fraud. The document itself is a fraudulent document and evidence suggests that and evidence points to that. If it was, what prevented you from finding that within a year of the judgment, if not in response to a summary judgment? I understand that also, Your Honor. And what happened in my brief said step forth, I did not rush to wait two years. I wanted to be sure that what I saw in the court's opinion was verified by documents and evidence that was submitted by the defendant. And it was not. I was then not rushing. I contacted the Higher Learning Commission. I never received any response from them. I contacted them again. And time was elapsing at that time. But I wasn't anxious to rush into accusing a fellow attorney of submitting a document that was fraud. Mr. Davis, here's what confused me. I understand that reluctance. But what concerns me, among other things, is that you're saying that the falsity of this document was apparent on its face. Yes. But you're also saying it took you two years to come to that conclusion. That seems to be a rather clear contradiction. Well, Your Honor, I see why it would be. But, again, I did not rush to go to there. I looked at a lot of documents and information. I studied them over and over again to see whether the court apparently did not see certain things that were submitted to the court. And, in fact, some documents from a deposition were submitted to the court from the defendant. And within those documents, the defendant said to the court, the counsel said to the court, within those depositions are some things that Mr. Kennedy said. He said I wasn't qualified. That is not in the documents. So that's another item that was clearly misleading to the court. But there's no such thing as Mr. Kennedy said that. Well, then that should have been brought up in opposition to summary judgment. At the time that that occurred, I was not anxious to go there that quickly. I wanted to make sure what I saw was correct. But that was not your choice. There are timing rules that allow litigation to move forward. And even if you would have liked more time, at a minimum, you ask the court for time. You do something other than just nothing. Yes. One last thing. I think I'm running out of time. You have two minutes and 55 seconds. If you would like to save that for rebuttal, you may do that now. Yes, I would. Thank you, Your Honor. All right. That's fine. Ms. Rotman. May it please the court. Good morning. My name is Stacey Katee Rotman, and I am counsel for defendant Appellee Schneider-Electrick in this matter. The event giving rise to this appeal happened over seven years ago. And it involved a third party removing Appellant Kennedy from teaching at his college because he did not meet the teaching credentials. As the court was mentioning in its questioning, when Mr. Kennedy lost in summary judgment, he should have appealed that summary judgment. He should have filed a motion to reconsider. He didn't do any of that. Instead, he waited 19 months, and he filed a Rule 60d3 motion to set aside the judgment for fraud in the court and a motion to disqualify Magistrate Judge Cherry. But in those briefs, there's nothing new. There's no evidence of fraud. There's no evidence of bias. And so we've addressed in our brief 13 issues on appeal, and I'm not going to waste the court's time addressing each one of those. But what I want to do is address some of the statements that was made by Attorney Davis, the first being that the document on its face, the Declaration of Dean Marie Hansel of Prairie State College, was indeed false, was perjured. First of all, there's nothing on the face of that declaration that is false. She stated as to her understanding of the requirements to teach at the college that is set by another third party, the Higher Learning Commission, when she learned that the appellant, Mr. Kennedy, had not demonstrated that he met those credentials, and that further, when they asked him for proof that he did, he did not supply that proof. Well, I mean, I suppose we can all agree that it's one thing to have the credentials, a particular degree, and it's a different thing, maybe, to be very, maybe you don't have a degree in French, but you're fluent in the French language because you learned it because you lived there for a few years or something. But to teach French in an institution, you normally would have to show that you have a bachelor's degree and a certain number of teaching courses. So I take it we're not really on the topic of whether he had been doing a good job teaching the class or anything. It's just he didn't meet the credentials, right? You're absolutely correct, Judge. He did not meet the credentials. And, in fact, he did concede that in his deposition, if I may. In his deposition, Mr. Novak, attorney for Defendant Schneider Electric, in that deposition, asked Mr. Kennedy, do you have a bachelor's degree? He said no, and that's at Record 363, Lines 3 through 6. He asked, do you have an associate's degree? Mr. Kennedy said no. That's at Lines 7 and 8 on Page 363 of his deposition in the record. He then asked, do you have a documented journeyman status? Mr. Kennedy said no. That's at Lines 9 through 13 on Page 363. What was he teaching? He was teaching an engineering electronic-type class, and each of those questions that were asked in the deposition are the exact credentials that are required by the Higher Learning Commission in order for the college to have somebody teach at its college and maintain its credentials. And so, you know, as I was saying, the declaration itself, it's not false. But even so, there's nothing on it to have led anybody to know, let alone defense counsel, that a third party was submitting a perjured affidavit. Perjury itself is not going to be enough to show fraud on the court in this circuit. He had to show that we, Defendant Schneider's counsel, knowingly submitted that perjured testimony to the court and that we did so in order to improperly influence the court. Are you saying that a district judge could not grant a Rule 60B motion based on fraud, based on new evidence of perjury, or simply that the judge does not have to grant it? Your Honor, Rule 60D33E has an abuse of discretion standard, and certainly if Mr. Kennedy had demonstrated there was fraud on the court, it would have been within the discretion of the district court to have granted that motion. But we don't have that here. There's nothing here to show that the declaration was perjured or that Schneider's counsel knew that such declaration was perjured when it was submitted to the court. And that's the standard for fraud on the court here in the Seventh Circuit. It's clear. And that's also why... I gather we're in the 60D as in dog? Yes. Not B as in boy, because none of the B, I suppose there's always B6, but it's longer than a year, so B1, 2, and 3 are out. Correct, Your Honor. Based upon, I believe it was the reply brief submitted and the 60D3 motion in front of the district court, it was clarified that it was truly a 60D3 motion. You know, certainly the evidence was all there in the record. It doesn't take 19 months to come up with this argument. And even so, this argument has no basis in law or fact, and that's why Magistrate Judge Cherry granted our motion for sanctions against Attorney Davis. You know, I feel that our brief has really hit each of the issues and each of the orders that are at issue, and so unless there's any questions, I believe I'm finished and appreciate the time this morning. I see none, so thank you very much. You have about two and a half, almost three minutes left, Mr. Davis. Thank you, Your Honor. Two minutes and 50 seconds. Very quickly, Your Honor. First of all, the Higher Learning Commission does not require a bachelor's degree, associate's degree, or being a part of layman's or union type of person. In fact, I would refer this court to our supplement pages. I think I said the brief, but I meant supplement pages 27, 28, 29. Lastly, I would mention that that document indicated that after receiving a phone call, suddenly there was a need to check his qualifications. It wasn't that he was not qualified. It was after a phone call. That phone call prompted that look into his qualifications, and at the time he was offered another position. That position was at the same institution. It was by the head of a department. That department head told Dean Hansel he's qualified, and that position had to be canceled. The class had to be canceled. Subsequently, he was offered another position which he was qualified for. These facts were known to Dean Hansel, as well as they were known to the defendant, Snyder Electric. Again, I would point the court to the supplement 27, 28, and 29. I don't believe what I did was warranted personal sanctions. I've been a prosecutor for several years. I've never had a problem with prosecutorial misconduct. I've been a defense attorney. I'm a hearing officer for the Gary Police Department. Hearing violations by the police departments, I am careful about them. I take pride in the 20-some-odd years I've been an attorney. I don't believe that whatever the court wanted to decide warranted personal sanctions, number one, and I believe there's enough facts to support that. When Dean Hansel says it was based on the Higher Learning Commission, nothing was supported and submitted that verified that. It was right after a telephone call from someone from Snyder Electric that said that he had done something about proprietary information. Immediately after that, three days after that, he was then looked at as far as his qualifications. I think those pieces of evidence speak for themselves. Thank you for your time, Your Honor. All right, thank you very much. Thanks to both counsel. We'll take the case under advisement.